UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TOBIAS PRUITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 1:11-CR-66-HSM-SKL |
| ) | 1:14-CV-202-HSM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") [Doc. 26], a memorandum in support [Doc. 29], and a motion to amend the 2255 Motion [Doc. 30] filed by federal prisoner, Tobias Pruitt ("Petitioner").[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 28] and this matter is now ripe. For the reasons stated below, Petitioner's 2255 Motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

In July 2011, a federal grand jury charged Petitioner with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) [Doc. 9].  Pursuant to a written plea agreement, Petitioner pleaded guilty to the charge on January 4, 2012, [Docs. 15, 17]. In his plea agreement and during his plea colloquy, Petitioner acknowledged that as part of his plea agreement, he waived his right to appeal his conviction or sentence, but reserved the right to appeal "a sentence imposed above the sentencing guideline range as determined by the district

---

[1] All citations to the record are to the docket in the underlying criminal case.

court." [Doc. 17, at ¶ 13]. Petitioner also waived "the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [Petitioner's] conviction(s) and/or resulting sentence," except for "claims of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment." [Doc. 17, at Page ID # 33, ¶ 13]. After conducting a proper plea colloquy, the Court found that Petitioner was fully capable and competent to enter an informed plea; the plea was made knowingly and with full understanding of each of the rights waived by Petitioner; the plea was made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Petitioner understood the nature of the charge and penalties provided by law; and the plea had a sufficient basis in fact [Docs. 18 & 19].

Using the applicable advisory United States Sentencing Guidelines ("Guidelines"), the probation office found Petitioner's base offense level was 24 [Presentence Investigation Report ("PSR") at ¶ 12]. After a four-level enhancement for possessing the firearm in connection with another felony offense (specifically, shooting at law enforcement officers and possessing items associated with drug distribution), a six-level enhancement for creating a serious risk of bodily injury to the officers involved in pursuing him, and a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31 [PSR" ¶¶ 13-14, 19-21]. Petitioner had a criminal history category of III, and the corresponding Guidelines range was 135 to 168 months' imprisonment, restricted by the 120-month statutory maximum to a Guideline term of imprisonment of 120 months [PSR at ¶¶ 30, 50].

Petitioner objected to application of both enhancements and the general process of sentencing on several grounds and an all-embracing sentencing hearing was held to address the objections. The Court overruled Petitioner's extensively argued objections [Doc. 24]. Petitioner was sentenced to 120 months' imprisonment in a Judgment filed on April 23, 2012 [Doc. 21].

Petitioner did not appeal, so his conviction became final at the expiration of the time for seeking such review, May 7, 2012.[2] Acknowledging he had only one year to file a motion under 28 U.S.C. 2255, Petitioner filed a request seeking additional time to file such a motion on January 4, 2013, well within the applicable one-year time limitation [Doc. 22]. Petitioner's request for an extension was denied a few days later on January 10, 2013 [Doc. 23]. Several months later, the one year statute of limitations for filing a motion under 28 U.S.C. § 2255 ran on May 7, 2013. Over a year later, Petitioner's 2255 Motion, which is dated June 19, 2014, was filed on June 23, 2014 [Doc. 26 at Page ID # 146]. A memorandum supporting the 2255 Motion was not filed until many months later on October 27, 2014 [Doc. 29].

## II.   STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a statute of limitations applicable to collateral challenges under § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir.

---

[2] The Government incorrectly asserts the Judgment became final on *April* 7, 2012 [Doc. 28 at Page ID # 154].

1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

## III. ANALYSIS

In his 2255 Motion, Petitioner protests against the Court's imposition of the sentencing enhancements and his allegedly unreasonable sentence, he asserts his counsel failed to object to the Court's decision to not order his federal sentence concurrent with a yet-to-be-imposed state sentence,[3] and he faults counsel for allegedly failing to allow Petitioner to testify as requested and for failing to advise Petitioner of his right to appeal his sentence. In his motion to amend, Petitioner alleges ineffective assistance of counsel because his plea agreement contains waivers, specifically the 28 U.S.C. § 2255 waiver.

In its response to the 2255 Motion, the Government argues Petitioner's claims are time-barred, waived, and meritless. The Government did not respond to Petitioner's motion to amend or the additional arguments first made in Petitioner's memorandum.

### A. Petitioner's 2255 Motion is Untimely

Under the AEDPA, a one-year statute of limitations applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *2-6 (E.D. Tenn. April 5, 2012) (citing *Olesen v. United States*, 27 F. App'x 566 (6th Cir. 2001)).

---

[3] It is undisputed that Petitioner's state sentence for aggravated assault on the pursuing officers was imposed after he was sentenced in this matter [Doc. 28-1].

As pertinent here, the one-year limitation period commences on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of subsection (f)(1), a conviction generally becomes final for purposes of collateral review at the conclusion of direct review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). It is undisputed that Petitioner did not appeal, so his conviction became final 14 days after the Court entered judgment; in other words, on May 7, 2012. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). As a result, in order to be timely under § 2255(f)(1), the 2255 Motion should have been filed on or before May 7, 2013, but it was not. *See Benitez v. United States,* 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).

Giving Petitioner the benefit of the doubt and finding that he submitted the 2255 Motion to prison officials under the "prison mailbox rule"[4] on the date he signed and dated it, the 2255 Motion was not filed until June 19, 2014 at the earliest. Therefore, the 2255 Motion was not timely filed unless equitable tolling applies.

---

[4] Because Petitioner is currently incarcerated, his motion is deemed filed on the date it was delivered to the appropriate prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (establishing the "prison mailbox rule").

### B. Equitable Tolling Is Not Justified

The AEDPA's timeliness provision is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 634 (2010). Petitioner is entitled to equitable tolling, however, only if he meets the following two conditions: "First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (internal quotation marks and citations omitted). Petitioner bears the burden to demonstrate that equitable tolling is appropriate. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day." (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000))).

Petitioner has failed to carry his burden for the application of equitable tolling in this case. In his 2255 Motion, Petitioner argues equitable tolling is appropriate because he was in state custody after being sentenced on his federal charge and had no access to any federal law, was abandoned by his appointed attorney on the federal charge, and allegedly only learned of the right to appeal or file a motion under 28 U.S.C. § 2255 from a fellow inmate, so he then requested more time to file such a motion under § 2255 from this Court [Doc. 26 at Page ID # 142]. In his later-filed memorandum, which is essentially a reply to the Government's response, Petitioner claims he was not placed in general population and, as a result, he was denied access to the legal library. Petitioner also asserts his collect calls to his former appointed attorney in federal court were not

accepted and a letter he wrote to counsel was ignored.[5] Petitioner argues these circumstances warrant equitable tolling action because, in his own words, "[b]ut for being in State of Tennessee custody, without access to Legal Library and not being well versed with legalesse (sic) it should be well within this court's understanding that it was impossible to appeal on his own and or file his 2255 which Petitioner was denied access to both and counsel's acts attribute to the reasoning. Where Petitioner made timely efforts to contact his lawyer to file the necessary appeals and contact the court to explain his delema (sic)." [Doc. 29 at Page ID # 182].

Petitioner argues that because he has been diligent, equitable tolling should apply. The Court finds to the contrary. Petitioner has demonstrated neither diligence nor any extraordinary circumstance that stood in his way and prevented timely filing. Contrarily, Petitioner's own actions show he had adequate time and opportunity to file a timely motion under 28 U.S.C. § 2255.

In his denied request for an additional six months to file a motion under § 2255, Petitioner first requested a form, which was sent to him [Docs. 22 & 23], while he still had several months to make a timely filing. Second, Petitioner requested an extension claiming, "I need a six month extension on filing my § 2255 motion. The year I have to file is three months away. And I'm still going to court on state charges my next court date is Jan. 16, 2013 my year ends April 19, 2013." [Doc. 22]. This shows Petitioner was well aware of the deadline and of his ability to file a motion, and that he hoped to delay until after his state charges were resolved. As shown by his request for more time, Petitioner was aware of his ability to file a motion under § 2255, notwithstanding the enforceable waiver provision in his plea agreement, and that he had a time limit for filing his 2255 Motion.

---

[5] Petitioner never states when these calls or letter allegedly were made or sent.

Petitioner also submitted proof that he received the Court's order [Doc. 23] denying his request for an extension [Doc. 26 at Page ID # 144]. That Petitioner then chose not to file his 2255 Motion while his state charges were pending is not an extraordinary circumstance or evidence of diligence.

Petitioner further asserts that, had he known of his appellate rights, he would not have allowed the time to file a § 2255 motion to expire. [Doc. 26 at Page ID # 142]. Indisputably, however, Petitioner *was* aware of his rights—both through the waiver in his plea agreement, which was referenced during his plea colloquy, and the Court's confirmation of that waiver during

sentencing and reminder to counsel to confer with Petitioner regarding any "residual rights" which might exist [Doc. 17, at Page ID # 33, at ¶ 13; Doc. 24, at Page ID # 113].[6]

---

[6] During the plea colloquy, Petitioner was informed of the maximum penalty and that any estimate of his sentence by his counsel was not binding on the Court, that his sentenced would be determined by the Court after the PSR was prepared, and that the sentencing determination would be based on the entire scope of his criminal conduct and criminal history and that he had waived most of his rights to appeal or collaterally attack the resulting sentence. At his rearraignment, Petitioner acknowledged that he understood the waiver provisions. Absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal punctuation and citations omitted). In *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge*, 431 U.S. 63, 73-74 (1977). At the conclusion of the sentencing proceeding, Petitioner was again reminded of the limitations imposed by the waivers in his plea agreement and the residual rights he retained [Doc. 24, at Page ID # 113].

A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and such a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). In the instant matter, Petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions. While Petitioner's claims appear to be thinly disguised attempts to avoid the waiver by casting portions of the claim in the guise of an ineffective-assistance-of-counsel claim, it is not necessary to address the Government's alternative arguments addressing the merits and waiver issues with respect to Petitioner's claims because they are time-barred.

Although the AEDPA's one-year statute of limitations is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances, Petitioner has not established a valid basis for equitable tolling. *See Jurado*, 337 F.3d at 642 (equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control"). The 2255 Motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that the 2255 Motion may be resolved as time-barred without an evidentiary hearing. *See United States v. Morales-Dorantes*, No. 1:07-CR-295, 2014 WL 1338159 (W.D. Mich. Apr. 2, 2014) (holding no hearing necessary where the files and records conclusively show that defendant's time-barred motion entitles him to no relief under 28 U.S.C. § 2255).

**IV. CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons discussed, a hearing is unnecessary and Petitioner's motion for leave to amend [Doc. 30] will be **DENIED** as futile, and the original 2255 Motion [Doc. 26] will be **DENIED** as time-barred and **DISMISSED WITH PREJUDICE**.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

/s/ Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE