UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:11-cr-00066-001-TRM-MJD |
| v. | ) | |
| | ) | |
| TOBIAS PRUITT | ) | |

## **MEMORANDUM AND ORDER**

TOBIAS PRUITT ("Defendant") came before the Court for an initial appearance on July 25, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 34].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Christopher Meadows of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Scott Winne explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing but requested a detention hearing. At counsel's request, the hearing was delayed until July 30, 2025.

The Court conducted the detention hearing on the scheduled date. At the hearing, the Government was represented by AUSA Kyle Wilson and relied upon the allegations in the Petition [Doc. 34]. In addition, United States Probation Officer John Eppenger testified. Attorney Christopher Meadows proffered evidence on behalf of Defendant. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition recites six conditions of supervision violated by Defendant, *to wit*:

1

- **General Condition:** The defendant must not commit another federal, state, or local crime.

- **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Standard Condition #3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

- **Standard Condition #7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any substances, except as prescribed by a physician.

- **Standard Condition #8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court.

- **Standard Condition #9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The sworn Petition details facts giving rise to violations of these conditions of supervision. More specifically, after Defendant served a 120-month term of imprisonment for possession of a firearm by a convicted felon, he started his period of supervised release on July 15, 2022. Thereafter, Defendant engaged in the following conduct which forms the basis for the allegations that he violated conditions of his supervised release:

- On September 28, 2022, Defendant tested positive for THC. Defendant admitted to using THC on September 24, 2022.

- On January 2, 2024, Defendant tested positive for THC. He admitted to using marijuana on December 31, 2023.

- On March 24, 2024, Defendant tested positive for THC.

- On May 4, 2025, Defendant was arrested by the Chattanooga Police Department for Leaving Scene of Accident (Parked Vehicle) and Driving Under the Influence. Defendant backed his vehicle into a building and fled the scene as a passenger in a different vehicle. Police found him and arrested him after determining that he was under the influence.

- On June 17, 2025, Defendant was arrested for Aggravated Assault. This offense arose from an incident that occurred on June 2, 2025. Defendant was at a bar named "Shady's Corner" and used a knife to stab another patron, Terrence Woods, in the foot. Police reviewed video footage of the incident and confirmed Defendant's identity.

USPO Eppenger testified that Defendant reported both of these arrests to him in a timely manner. The Court notes that Defendant's supervised release was largely uneventful for a period of almost three years. Based upon testimony proffered by Attorney Meadows, Defendant's mother was diagnosed with cancer in the months preceding his violations in 2025, and Defendant drank excessively as a result of the stress he was experiencing over his mother's diagnosis. Attorney Meadows argued that Defendant's alcohol use led to the vehicle accident, the DUI, and the stabbing incident at Shady's Corner, and that the any danger to the community could be mitigated by ordering Defendant not to use alcohol.

The Court finds that probable cause exists to demonstrate that Defendant has violated conditions of his supervised release. With respect to the detention hearing, the Court is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has carried the burden of establishing by clear and convincing evidence that he does not presently pose a danger to any other person or to the community provided that he refrains from use of alcohol and illegal controlled substances. The Court further finds that Defendant is not a risk of flight. Consequently, the Court denied the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has violated conditions of his supervised release.

2. The Government's motion that Defendant be detained without bail pending further Order of this Court is **DENIED**. Defendant shall remain out of custody subject to the Order Setting Conditions of Release [Doc. 40] pending further order of this Court or the revocation hearing before the Honorable Chief United States District Judge Travis R. McDonough.

3. Counsel for Defendant and the Government shall confer and make best efforts to submit to Chief Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

4. Defendant shall appear before Chief Judge McDonough on **August 22, 2025, at 9:00 a.m.** for a final hearing on the Petition.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE